DEITER *v.* ESCANABA PAPER CO.

WORKMEN'S COMPENSATION—TOTAL DISABILITY—FINDING OF DEPART-
MENT—MEDICAL OPINION EVIDENCE.

> Medical opinion evidence based on testimony in proceeding to
> recover workmen's compensation and the witness' own observa-
> tion throughout the case *held,* sufficient to support, without
> hypothetical questioning, the finding of department of labor
> and industry that present condition of total disability was due
> in part to infected teeth and tonsils and in part to accidental
> injury received when plaintiff was caught between a backing
> truck and a cement mixer.

WIEST and CHANDLER, JJ., dissenting.

Appeal from Department of Labor and Industry.
Submitted January 3, 1939. (Docket No. 6, Cal-
endar No. 40,201.) Decided July 6, 1939.

Chester Deiter, employee, presented his claim
against Escanaba Paper Company, employer, and
Western Casualty & Surety Company, insurer, for
compensation for injuries sustained while in defend-
ant's employ. Award to plaintiff. Defendants ap-
peal. Affirmed.

*McGinn & Kueber,* for plaintiff.

*H. J. Rushton* and *Thomas J. Rushton,* for defend-
ants.

WIEST, J. (*dissenting*). October 23, 1934, while in
the employ of the Escanaba Paper Company, plain-
tiff's body was caught between a backing truck and a
cement mixer. He was given a slip to go and see the
company doctor. The doctor taped plaintiff's body.
The company, on December 3, 1934, filed a noncom-

pensable report. The day after the accident plaintiff resumed work and so continued until January 10, 1935, when he had the flu and was sick for three weeks. He then returned to work and continued until April 28, 1935, when he quit. August 18, 1937, he filed an application for compensation, claiming suffering from the time of the accident but that the need of money kept him at work. The defendant denied any accidental disabling injury and invoked statutory provisions claimed to bar an award. The deputy commissioner found no compensable disability caused by the accident. Upon review the department found total disability due in part to infected teeth and tonsils and in part to the accidental injury; that the accident in connection with his previous physical condition brought total disability.

Upon review it is contended that plaintiff is estopped by failure to claim compensation within the period of two years following the alleged injury and the filing of the noncompensable report.

Plaintiff resumed his work the day after the alleged injury and the noncompensable report was proper. 2 Comp. Laws 1929, § 8456 (Stat. Ann. § 17.191).

Defendant had knowledge of the claimed injury.

The question of unqualified claim for compensation within six months after the injury has been examined, and we are constrained to agree with the department that such a claim was made.

Charles Beck, who was foreman at the Escanaba Paper Company at the time of the injury and had plaintiff in his crew, was a witness and testified:

"*Q.* (*Deputy Commissioner*) Did he ever come to you and say, 'I want compensation. I request it.'

"*A.* Yes; he did say that; but I figured he should have gone to see the master mechanic; he was above me.

"*Q.* When did he come to you and ask for compensation?

"*A.* About a week or ten days after he got hurt."

If the disability was occasioned by the effect of the injury upon his previous physical condition and there was competent evidence to establish the relation, then plaintiff is entitled to an award.

The sole medical witness in behalf of plaintiff testified to statements made to him by plaintiff relative to the accident and the consequences thereof and, over objection, was permitted to consider such unsworn statements in expressing an opinion upon the relation between such alleged injury and plaintiff's ailments. This was error. Illustrative of the above we quote the following from the testimony of Dr. Gross, the physician called by plaintiff, who, after describing the condition of plaintiff, testified:

"*Q.* To what did you attribute these injuries, or his condition; his condition of September 11, 1937?

"*Mr. Rushton:* I object; incompetent.

"*Deputy Commissioner:* Take the answer.

"*A.* The chain of events and history obtained in January, 1935, and seeing this man throughout with the history of injury of approximately two months before to his chest, such as he described to me, I would believe that the injury which he had was partially responsible for the chain of events which followed.   *   *   *

"*Q.* Could that accident contribute to his condition?

"*A.* Yes, it is my opinion that it could."

Medical opinion evidence must be based upon testimony in a case and brought out by hypothetical questions.

Under questioning by the deputy commissioner Dr. Gross testified:

"*Q.* What structural damage has he at the present time that causes these pains? Nerve injury or muscle injury or some damage to the bone structure?

"*A.* As far as I could determine there was no damage to the bone structure. I think his continued disability is due to the infection which he is harboring there. It is definitely localized in the spots possibly where he was injured. I tried several times to get the city of Escanaba to take his tonsils and teeth out and I can't get any reaction on it at all.

"*Q.* Could injury such as he had incite infection that was present in his system at the time? Light it up?

"*A.* I don't know whether or not. It would not incite the infection, I don't think."

The finding of the department was based upon wholly incompetent testimony so far as it connected the claimed injury with plaintiff's other ailments.

For this reason the award should be vacated and the case remanded, with costs to defendant.

CHANDLER, J., concurred with WIEST, J.

BUSHNELL, J. The award should be affirmed. No objection was made by defendants to the opinion expressed by Dr. Gross, who had seen "this man throughout," as shown in testimony quoted by Mr. Justice WIEST.

The medical opinion evidence was based on testimony in the case and the witnesses' own observations of plaintiff's condition. What better evidence could be produced? No hypothetical questions were necessary under the circumstances, and no one contends that they were necessary. The opposition to the medical testimony is on other grounds.

The award is affirmed, with costs to appellee.

BUTZEL, C. J., and SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred with BUSHNELL, J.